IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BLB AVIATION SOUTH CAROLINA, LLC, )
                                  )
         Plaintiff,               )           8:10CV42
                                  )
   v.                             )           ORDER
                                  )
JET LINX AVIATION LLC, JET LINX   )
AVIATION CORPORATION, JET LINX    )
MANAGEMENT COMPANY, LLC,          )
and JAMIE WALKER,                 )
                                  )
         Defendants.              )

This matter is before the court on BLB Aviation South Carolina, LLC's (BLB) Amended Motion for Leave to File Second Amended Complaint (Filing No. 78). BLB attached the proposed pleading (Exhibit A) to the motion and filed a brief (Filing No. 79) and an index of evidence (Filing No. 80) in support of the motion. The defendants filed a brief (Filing No. 82) in opposition to BLB's motion to amend. BLB filed a brief (Filing No. 83) and an index of evidence (Filing No. 84) in reply.

## BACKGROUND

BLB filed the instant action on February 4, 2009, in the United States District Court for the Middle District of Louisiana. See Filing No. 1. The matter was transferred to this court on January 29, 2010. See Filing No. 26. On April 16, 2010, upon leave of the court (Filing No. 40), BLB filed an amended complaint (Filing No. 51) against the defendants. Specifically, BLB alleges fraudulent misrepresentation, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, and breach of fiduciary duty in relation to a dry lease agreement between BLB and the defendants involving aircraft owned by BLB. *Id.*

On April 30, 2010, the defendants filed an answer and counterclaim seeking damages for termination of contracts, maintenance costs owed the defendants, and costs

associated with a Federal Aviation Administration (FAA) review. **See** Filing No. 52 - Answer and Counterclaim p. 11-12.

In its amended final progression order entered on March 2, 2010, the court set deadlines, including an April 16, 2010, deadline for filing an amended complaint, and scheduled trial for the week of April 18, 2011. **See** Filing No. 40. On September 15, 2010, the court entered a second amended final progression order setting the trial in this matter for the week of June 13, 2011. **See** Filing No. 57. Among other deadlines, the order set the deposition deadline for March 11, 2011, the discovery motion deadline for December 17, 2010, the lay witness disclosure deadline for February 7, 2011, and the expert witness disclosure deadline for October 27, 2010. *Id.* The pretrial conference is scheduled for May 6, 2011. *Id.* The order stated, "provisions of the court's earlier, initial progression order remain in effect." *Id.* The September 15, 2010, order did not schedule any additional deadlines related to amending pleadings. *Id.*

On December 14, 2010, BLB filed the instant motion seeking leave of court to file a second amended complaint adding allegations with respect to its breach of contract and breach of fiduciary duty claims that the defendants violated Federal Aviation Regulations by failing to keep accurate maintenance records for planes owned by BLB. **See** Filing No. 78 - Motion, p. 3. Additionally, BLB seeks to add allegations the defendants "marked up the price of maintenance work performed by third parties," thereby clarifying the allegation in the amended complaint that the defendants "billed [BLB] for charges that were excessive or not [the defendants'] responsibility under the relevant contracts." *Id.*

BLB's motion states BLB was informed by the defendants' counsel that the defendants would not consent to further amendment of the complaint. *Id.* at 3. BLB asserts the information on which the proposed amendments are based was not obtained until documents produced by the defendants and third parties were examined by BLB's expert. Filing No. 79 - Brief p. 6. As such, BLB argues there is good cause to allow further amendment of the complaint. *Id.* at 7-8. In any event, BLB contends no party will be prejudiced by allowing BLB to amend the complaint a second time because the information BLB seeks to include is factually related to the allegations in the current complaint and unlikely to require much additional discovery or a "major shift in defense strategy." *Id.* at

7. Moreover, the discovery deadlines have not yet expired, if additional discovery is warranted.

The defendants oppose BLB's motion to file a second amended complaint. **See** Filing No. 82 - Response. The defendants characterize the proposed amendments as "additional details regarding the facts underlying [the] allegations" contained in the amended complaint. *Id.* at 6. As such, the defendants argue the proposed amendment "is futile because it adds nothing of legal significance" to the amended complaint, "do[es] not advance Plaintiff's interests in any discernible fashion," and "does not constitute the kind of 'good cause' required by Rule 16." *Id.* at 5-6. Moreover, the defendants argue that allowing BLB to file a second amended complaint at this stage of the proceedings would be prejudicial to them due to the increased attorney's fees and delays associated with filing another amended answer and counterclaim, and the delay resulting from BLB's filing another response to the counterclaim. *Id.* at 7. Specifically, the defendants state concern about the extension of deadlines and delay in trial. *Id.* Finally, the defendants argue BLB should be required to pay the costs, expenses, and attorneys' fees incurred by the defendants in opposing BLB's motion. *Id.* at 7.

On January 26, 2011, the court entered a third amended final progression order setting the trial in this matter for the week of September 19, 2011. **See** Filing No. 94. Among other deadlines, the order also extends the deposition deadline for June 7, 2011, and the discovery motion deadline for April 1, 2011. *Id.* The lay witness disclosure deadline for May 6, 2011, the defendants' expert witness disclosure deadline for February 25, 2011. *Id.* The pretrial conference is scheduled for August 26, 2011. *Id.*

**ANALYSIS**

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." ***Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)** (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. ***Roberson v. Hayti***

*Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

As an initial matter, the court finds BLB has shown good cause for filing the motion to amend beyond the April 16, 2010, deadline imposed by the court in the amended final progression order. **See** Filing No. 40. BLB diligently sought discovery related to the current claims, including discovery from its expert. BLB brought the motion to amend shortly after its retained expert had the opportunity to review documents obtained through discovery and as such has shown good cause to amend the complaint a second time. The timing of BLB's motion does not provide evidence BLB engaged in undue delay particularly under the current discovery and trial schedule. Furthermore, without addressing their merits, the court finds BLB's proposed amendments are neither frivolous nor futile.

In contrast, the defendants have failed to sustain their burden of showing unfair prejudice. On one hand the defendants argue the proposed amendments are futile or unnecessary, adding nothing of legal significance, and on the other hand they argue they will be prejudiced if the amendments are allowed due to the delay and costs associated with having to file yet another answer and counterclaim. Considering those arguments, the defendants fail to show that any more than minimal alterations in the defendants' pleadings will be necessary. Moreover, the defendants fail to specify what discovery, in addition to that already taken, or expert testimony would be necessary were BLB allowed to file a second amended complaint. The defendants merely speculate about possible delay. In any event, the parties have time to complete any necessary discovery as most deadlines in the third amended final progression order have not yet expired. In addition, under Federal Rule of Civil Procedure 15(a)(3) the court has the discretion to shorten the time for

the defendants to file their answer and counterclaim and for BLB to respond to any counterclaim.

BLB has shown good cause to allow the amendment. The proposed amendments are closely related to the current claims, and should not significantly delay the case or impact discovery requirements. However, the court will give consideration to reasonable requests from the parties to extend deadlines set out in the third amended final progression order. The parties shall confer prior to seeking any additional continuances. In the interest of minimizing delays in case progression, the court will set expedited deadlines for responses to the amended pleadings. The court finds no reason to extend the September 19, 2011, trial date at this juncture. Upon consideration,

**IT IS ORDERED:**

1.   BLB Aviation South Carolina, LLC's Amended Motion for Leave to File Second Amended Complaint (Filing No. 78) is granted.

2.   BLB Aviation South Carolina, LLC shall have to **on or before March 24, 2011**, to file the Second Amended Complaint.

3.   The defendants shall have to **on or before April 4, 2011**, to file their answer and counterclaim, if necessary.

4.   BLB Aviation South Carolina, LLC shall have to **on or before April 11, 2011**, to respond the defendants' counterclaim.

DATED this 18th day of March, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.