IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BLB AVIATION SOUTH CAROLINA, LLC, )
)
        Plaintiff, )         8:10CV42
)
      v. )         ORDER
)
JET LINX AVIATION LLC, JET LINX )
AVIATION CORPORATION, JET LINX )
MANAGEMENT COMPANY, LLC, )
and JAMIE WALKER, )
)
        Defendants. )

    This matter is before the court on the defendants' six motions in limine. The motions are fully briefed. The defendants seek to exclude evidence about (1) whether the defendants' employees were responsible for an oil loss incident (Filing No. 131); (2) attempted insurance fraud (Filing No. 132); (3) repairs made without permission (Filing No. 133); (4) failure to maintain records causing devaluation (Filing No. 134); (5) alleged FAA regulation violations (Filing No. 135); and (6) alleged misrepresentations made by the defendants prior to entry of written agreements (Filing No. 136). The defendants filed separate briefs in support of each motion in limine. **See** Filing Nos. 137, 138, 139, 140, 141, and 142. The defendants filed an index of evidence related to all motions. **See** Filing Nos. 143, 144, 145, 146, and 147. The plaintiff argues each of the motions are improper attempts to obtain pre-trial resolutions on various matters of law on the parties' claims and defenses. **See** Filing No. 149 - Response. The plaintiff also filed an objection (Filing No. 150) to the court's consideration of various documents contained in the defendants' index of evidence. The defendants argue each motion in limine should be granted based on the failure of the plaintiff to provide legal support for admitting the subject evidence at trial. **See** Filing No. 153 - Reply.

## BACKGROUND

    This case arises from a contractual business relationship between the parties. **See** Filing No. 1 - Complaint. The parties entered into two distinct agreements for the

defendants to manage aircraft owned by the plaintiff. **See** Filing No. 51 - Amended Complaint. Disputes arose between the parties regarding lease payments and maintenance charges. Ultimately the plaintiff took possession of the aircraft and this lawsuit followed. The plaintiff alleges fraudulent misrepresentation, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, and breach of fiduciary duty. **See** Filing No. 99 - Amended Complaint. The defendants filed an answer and counterclaim seeking damages for termination of contracts, maintenance costs owed the defendants, and costs associated with a Federal Aviation Administration (FAA) review. **See** Filing No. 100 - Answer and Counterclaim p. 13-14. The court granted the defendants' motion for summary judgment with regard to the plaintiff's claim for breach of fiduciary duty. **See** Filing No. 122. The court denied the defendants' motion for summary judgment with regard to the breach of contract and misrepresentations claims and the defendants' argument based on accord and satisfaction related to an August 6, 2008, letter. *Id.* The parties waived trial by jury and trial is scheduled to commence on February 6, 2012. **See** Filing No. 148.

## ANALYSIS

"A motion in limine is a request for the court's guidance concerning an evidentiary question." *Euroholdings Capital & Inv. Corp. v. Harris Trust & Sav. Bank*, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). In a preliminary ruling, a trial judge has inherent authority, as part of managing the course of a trial, to rule on motions in limine, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A trial judge has broad discretion when ruling on motions in limine. **See** *Black v. Shultz*, 530 F.3d 702, 707 (8th Cir. 2008). "However, evidence may be excluded on a motion in limine only when the evidence is inadmissible on all potential grounds." *Euroholdings Capital*, 602 F. Supp. 2d at 934. The burden of establishing the evidence is not admissible is on the party moving to exclude evidence. *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp 1398, 1400 (N.D.

Ill. 1993). Furthermore, the Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions *in limine* are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000) (**citing** *Luce*, 469 U.S. at 41). Similarly, "[d]enial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Rather, denial means the court cannot determine whether the evidence in question should be excluded outside of the trial context." *Euroholdings Capital*, 602 F. Supp. 2d at 934.

**A.    Damages Due to Oil Loss**

The defendants seek to exclude evidence that Jet Linx was responsible by any negligence, mistake or error for the cause of loss of oil pressure on February 20, 2008, to Aircraft N789DJ. **See** Filing No. 137 - Brief. The defendants argue such evidence is not relevant to the real issue for trial, which is whether the defendants are financially responsibile for the engine tear-down necessitated by the oil loss. *Id.* Additionally, the defendants argue the relevant agreement (Ex. A - Filing No. 143) between the parties allocates the responsibility for the oil loss to the plaintiff. In support of the defendants' position, they contend the evidence will show the aircraft's engine problems were caused by a crack in the oil cap, which constitutes a mechanical failure rather than pilot error as was initially suspected. **See** Filing No. 137 - Brief. The defendants argue any contrary evidence or suggestion that they are responsible for the oil loss is unduly prejudicial in light of the relevant agreement provisions and factual determinations made by the FAA and the insurance carrier. *Id.* The plaintiff disputes the facts regarding the cause of damage to the aircraft and the defendants' interpretation of the service agreement on this issue. **See** Filing No. 149 - Response p. 2-3. The defendants acknowledge that the pretrial order contains disputed issues for which this evidence may be relevant, but argues the evidence should be considered only on a limited basis. **See** Filing No. 153 - Reply p. 1.

The court finds the defendants have failed to show evidence of any alleged damages caused by the defendants' employees related to the oil loss is inadmissible on all potential grounds. Evidence related to the defendants' employees' conduct may be

evidence relevant to the parties' liabilities and defenses under the service agreement. Accordingly, the defendants' motion to exclude such evidence is denied.

**B.      Alleged Insurance Fraud**

The defendants seek to exclude any evidence or argument that the defendants engaged in or attempted to engage in insurance fraud when they reported events about Aircraft N789DJ's oil loss and engine maintenance to the defendants' insurance carrier. **See** Filing No. 138 - Brief p. 4.  The defendants' concern is based on comments made by the plaintiff's representative during a deposition about why the defendants updated the insurance claim with additional facts related to the aircraft's oil loss incident.  *Id.*  The defendants argue the allegations are prejudicial and irrelevant to the claims and defenses in this matter.  *Id.*  The plaintiff states it "has no intention of presenting evidence regarding insurance fraud, and the motion should be denied as moot."   **See** Filing No. 149 - Response p. 2-3.  The defendants argue that the plaintiff's statement does provide adequate protection under the circumstances and they seek an order granting the defendants' motion.  **See** Filing No. 153 - Reply p. 2.  The court will grant the defendants' Motion in Limine to Exclude Testimony Regarding Jet Linx Submissions of Claims to AIG that Jet Linx Attempted to Defraud AIG (Filing No. 132).

**C.      Repairs Without Permission**

The defendants argue that the plaintiff misinterpreted the terms of the contract when the plaintiff asserted the defendants needed preapproval before undertaking expensive repairs.  **See** Filing No. 139 - Brief.  The plaintiff contends that the defendants are attempting to obtain a ruling about the interpretation of the contract rather than the admissibility of evidence.  **See** Filing No. 149 - Response p. 3-4.  The defendants acknowledge they seek a determination about the meaning of relevant contract terms, but contend the court has the authority to do so at this time.  **See** Filing No. 153 - Reply p. 2-3. Furthermore, the defendants argue that if their interpretation of the contract is correct, the evidence about preapproval for repairs is irrelevant.  *Id.*

The court finds the defendants have failed to show evidence of failures to obtain preapproval for maintenance is inadmissible on all potential grounds. The court will not make a determination about the disputed meaning of the contract in the context of a motion in limine. Accordingly, the defendants' motion to exclude such evidence is denied.

### D.     Value of Aircraft and FAA Violations

The defendants seek to exclude any evidence the value of Aircraft N400GK decreased due to the defendants' failure to maintain proper records in accordance with FAA requirements. **See** Filing No. 140 - Brief. The defendants describe several reasons Aircraft N400GK may have decreased in value, including the plaintiff's failure to sell the aircraft at an earlier time, which are unrelated to the maintenance of FAA required records. *Id.* Additionally, the defendants argue the plaintiff fails to show the defendants were responsible for any missing records. *Id.* Similarly, the defendants seek to exclude any evidence of their failure to maintain proper records in accordance with FAA requirements caused a loss of value with regard to Aircraft N789DJ. **See** Filing No. 141 - Brief. The plaintiff opposes the motion arguing the defendants' action and inaction may be relevant to damages for breach of contract. **See** Filing No. 149 - Response p. 5-7. The defendants contend any evidence obtained after the deadline for disclosure should be excluded because the timing of such evidence prejudices the defendants. **See** Filing No. 153 - Reply p. 3.

The court finds the defendants have failed to show evidence related to alleged FAA violations as they relate to the value of aircraft is inadmissible on all potential grounds. Moreover, the court will not make a determination about the admissibility of evidence that does not yet exist or a party has yet to disclose. Accordingly, the defendants' motion to exclude such evidence is denied.

### E.     Misrepresentations

The defendants seek to exclude any evidence of misrepresentations that induced the plaintiff to enter into any agreement or suffer damage. **See** Filing No. 142 - Brief. The defendants assert that even if there were any evidence that a material misrepresentation

existed the terms of the written agreements, negotiated by experienced businessmen with advice of counsel, will determine the liability of the partes. *Id.* The defendants argue the specific representations noted by the plaintiff are merely unactionable projections and estimates. *Id.* The plaintiff contends the defendants are restating their motion for summary judgment, which was denied as to this argument. **See** Filing No. 149 - Response p. 7-8. Moreover, the plaintiff asserts the issue is not appropriate in a motion in limine because the defendants ask the court to determine whether the alleged misrepresentations may legally support a cause of action. *Id.* The defendants seek to force the plaintiff to elect between the claims for breach of contract and fraud prior to trial. **See** Filing No. 153 - Reply p. 4-6. Furthermore, the defendants argue any misrepresentations are irrelevant to the breach of contract claim and fail to support a fraud claim as a matter of law. *Id.*

The court finds the defendants have failed to show evidence of misrepresentations are inadmissible on all potential grounds. The court will not make a determination about the legal sufficiency of the plaintiff's claims, particularly when summary judgment was denied, in the context of a motion in limine. Accordingly, the defendants' motion to exclude such evidence is denied. Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion in Limine to Exclude Testimony Regarding "Oil Loss" Incident on Aircraft N789DJ (Filing No. 131) is denied without prejudice.

2. The defendants' Motion in Limine to Exclude Testimony Regarding Jet Linx Submissions of Claims to AIG that Jet Linx Attempted to Defraud AIG (Filing No. 132) is granted.

3. The defendants' Motion in Limine to Exclude Evidence of Repairs Exceeding $5000.00 Being Made Without the Express Permission of the Aircraft Owner (Filing No. 133) is denied without prejudice.

4. The defendants' Motion in Limine to Exclude Evidence of Decreased Value of Aircraft N400GK (Filing No. 134) is denied without prejudice.

5. The defendants' Motion in Limine to Exclude Evidence Alleging Jet Linx Violated FAA Regulations (Filing No. 135) is denied without prejudice.

6. The defendants' Motion in Limine to Exclude Evidence of Any Alleged Misrepresentations ([Filing No. 136](#)) is denied without prejudice.

7. The plaintiff's Objections to Evidence Submitted in Support of Defendants' Motions in Limine ([Filing No. 150](#)) are overruled. The court accorded due weight to the defendants' evidentiary submissions.

DATED this 1st day of February, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.